ALBERT ALPERT, Doing Business as VARET KNITTING MILLS, Appellant, v. NAT KOONIN et al., Individually and as Copartners Doing Business as VARET KNITTING MILLS, Respondents.— Action to enjoin respondents from using the name Varet Knitting Mills in connection with their business. Order denying plaintiff's application for an injunction *pendente lite* reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs, upon condition that the plaintiff give an undertaking in the sum of $250, with corporate surety, in conformity with section 893 of the Civil Practice Act. It is undisputed that respondents have recently adopted a name under which the appellant has been doing business since 1939. The appellant should not be compelled to risk, pending final judgment, the confusion and damage which may result from the continued use of the same name by both parties in businesses which, at least in part, are competing. Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

JERRY BARNETT, Appellant, v. BEACH 98TH AND BOARDWALK CORPORATION, Respondent, et al., Defendants. (Action No. 1.) JERRY BARNETT, Respondent, v. DOROTHY BASSON (Amended to Read DOROTHY BASSON MARTIN), Appellant. (Action No. 2.) — The plaintiff instituted Actions No. 1 and No. 2 to recover damages for personal injuries arising out of the same accident. The actions were thereafter consolidated by order. On the trial, the complaint of the plaintiff against Playland Holding Corporation and Ocean Distributors, Inc., was dismissed. The jury rendered a verdict in favor of plaintiff and against defendant Beach 98th and Boardwalk Corporation in Action No. 1, and against defendant Dorothy Basson Martin in Action No. 2. The verdict against Beach 98th and Boardwalk Corporation was set aside upon motion of that defendant and the complaint dismissed as to it. Defendant Dorothy Basson Martin appeals from the judgment against her, and the plaintiff cross-appeals from that part of the judgment which sets aside the jury's verdict against Beach 98th and Boardwalk Corporation and dismisses his complaint as to it. On appeal by defendant Dorothy Basson Martin (*Action No. 2*), the judgment, insofar as appealed from, is unanimously affirmed, with costs. In view of the foregoing decision in Action No. 2, the appeal of plaintiff in Action No. 1 is dismissed, without costs. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

RONALD COLLINS, an Infant, by JOHN J. COLLINS, His Guardian ad Litem, et al., Appellants, v. ANTONIO GIANDOMENICO et al., Defendants, and CITY OF BEACON, Respondent.— Action by infant plaintiff to recover damages for personal injuries suffered when he fell by reason of an alleged defective grating in a public sidewalk, and by his father for expenses and loss of services. Order granting motion of respondent for judgment dismissing the complaint as to it for failure to allege the filing of a written notice with the Commissioner of Accounts of the City of Beacon prior to the occurrence of the alleged accident, pursuant to section 114-a of the Charter of the City of Beacon (L. 1913, ch. 539, as amd. by L. 1920, ch. 171), as amended by Local Law No. 1 of 1944, giving the city notice of the broken and dangerous condition of the grating in the sidewalk, and the judgment subsequently entered thereupon, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ.